# In the United States Court of Federal Claims

No. 17-307
Filed: December 4, 2018

| | | |
|---|---|---|
| MICHAEL HADDAD, Plaintiff, | | |
| v. | | |
| THE UNITED STATES, Defendant, | | 28 U.S.C. § 2514 (Forfeiture Of Fraudulent Claims); RCFC 41(a)(2) (Voluntary Dismissal By Court Order). |
| and | | |
| TRANS DIGITAL TECHNOLOGIES, LLC, and MORPHO TRUST USA, LLC, Third Party Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

On March 6, 2017, Michael Haddad ("Plaintiff") filed a Complaint in the United States Court of Federal Claims.

On July 13, 2018, the Government filed an Answer alleging a counterclaim under 28 U.S.C. § 2514, that provides:

> A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof.
>
> In such cases the United States Court of Federal Claims shall specifically find such fraud or attempt and render judgment of forfeiture.

28 U.S.C. § 2514.

On October 19, 2018, Plaintiff filed a Motion For Entry Of Order requesting the court's permission voluntarily to dismiss until he is able to obtain counsel.

On November 16, 2018, the Government and the Third Party Defendants filed a Response ("Resp.") arguing that the Government's counterclaim cannot be dismissed over an objection. Resp. at 2–4. In the alternative, the November 16, 2018 Response argues that any dismissal should be with prejudice. Resp. at 4–6.

Plaintiff did not submit a Reply on or before the December 3, 2018 deadline.

Rule 41(a)(2) of the United States Court of Federal Claims ("RCFC") provides that, after a defendant serves an answer, a plaintiff may voluntarily dismiss "only by court order, on terms that the court considers proper." RCFC 41(a)(2). And, "[i]f the defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." RCFC 41(a)(2).

This court's jurisdiction over counterclaims "derives from" its jurisdiction over claims against the Government. *See W. Mgmt., Inc. v. United States*, 498 F. App'x 10, 14 n.3 (Fed. Cir. 2012); *see also RDA Constr. Corp. v. United States*, 132 Fed. Cl. 732, 783 (2017) (determining that the court's jurisdiction to adjudicate Government counterclaims "is subject to the prerequisite that the court have jurisdiction to adjudicate an underlying claim against the Government in the same case"), *aff'd*, 739 F. App'x 644 (Fed. Cir. 2018).

If the court dismisses Plaintiff's claim against the Government, the Government's counterclaim can no longer "remain pending for independent adjudication." RCFC 41(a)(2). For that reason, the October 19, 2018 Motion voluntarily to withdraw is denied.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Senior Judge