# In the United States Court of Federal Claims

No. 17-307C
(Filed: 16 February 2021)

```
*****************************************
MICHAEL HADDAD,                          *
                                         *
              Plaintiff,                 *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
              Defendant,                 *
and                                      *
                                         *
TRANS DIGITAL TECHNOLOGIES               *
LIMITED LIABILITY COMPANY and            *
IDEMIA IDENTITY & SECURITY USA           *
LLC,                                     *
                                         *
              Third-Party Defendants.    *
*****************************************
```

**ORDER**

On 12 January 2021, the Court issued an order denying the government's motion for summary judgment on a counterclaim and plaintiff's motion for reconsideration.  *See* Opinion and Order, ECF No. 113.  The Court further ordered the parties to file a joint status report ("JSR") containing "(1) a proposed discovery schedule; (2) whether the parties have claim construction disputes; and (3) a proposed schedule for claim construction briefing if the parties have claim construction disputes."  *Id.* at 21.  On 9 February 2021, the parties filed a JSR containing their respective positions on the schedule of claim construction and discovery.  *See* Joint Status Report, ECF No. 116 ("JSR").  The Court previously stayed defendants' motions for summary judgment on issues of patent invalidity (ECF No. 63) and non-infringement (ECF No. 88).  *See* Order, ECF No. 92.

In the JSR, plaintiff contends "[t]he parties have multiple claim construction disputes" and requests the Court conduct claim construction before resolving the pending motions using Judge Albright's default schedule in the United States District Court, Western District of Texas (Order Governing Proceedings – Patent Cases, current version as of 2 February 2021) ("the Albright schedule").  *See* JSR at 6–8.  Plaintiff proposes "the Albright schedule should be implemented immediately, with Plaintiff's contentions on infringement due on March 5, 2021."  *Id.* at 10.  Plaintiff also requests discovery "move[s] forward on all fronts."  *Id.* at 2.

Defendants request "any claim construction proceedings should be limited to claim construction issues that must be resolved in connection with Defendants' pending motions for summary judgment." *Id.* at 9.  Defendants contend there is no need for a separate claim construction proceeding and request the Court resolve claim construction issues in the context of summary judgment.  *Id.*  Nevertheless, "[i]f the Court is inclined to open this case for claim construction and/or fact discovery before addressing [d]efendants' pending motions, [d]efendants believe the parties are in agreement that any schedule, including a briefing schedule for claim construction, should generally track [the Albright schedule]." *Id.* at 11.  Regarding discovery, defendants request "the Court limit the scope of discovery to specified matters implicated by [d]efendants' pending motions." *Id.* at 6.

As the parties have claim construction disputes, the Court finds it necessary to conduct claim construction before considering defendants' pending summary judgment motions.  *See Landis v. North American Co.*, 299 U.S. 248, 255–56 (1936) ("[T]he power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").  The scope of claim construction should cover all disputes the parties have in the asserted patent claims.  As the parties agree to follow Judge Albright's default schedule in the United States District Court, Western District of Texas, the Court sets the schedule as follows:

| Event | Deadline |
| --- | --- |
| Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | 5 March 2021 |
| Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for | 30 April 2021 |

| | |
|---|---|
| the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. | |
| Parties exchange claim terms for construction. | 14 May 2021 |
| Parties exchange proposed claim constructions. | 28 May 2021 |
| Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[1] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | 4 June 2021 |
| Deadline to meet and confer to narrow terms in dispute, exchange revised list of terms/constructions, and discuss the joint status report (due 18 June 2021) for all claim construction briefing and scheduling the claim construction hearing. | 11 June 2021 |

The parties shall file a joint status report on or before **18 June 2021** regarding their respective positions on claim construction briefing schedule, the time and place of the claim construction hearing, and any updated positions regarding the need for discovery to open in conjunction with claim construction briefing. The Court encourages the parties to contemplate a claim construction briefing timeline similar to that of Judge Albright in the United States District Court, Western District of Texas (Order Governing Proceedings – Patent Cases, current version as of 18 June 2021). After reviewing the joint status report, the Court will consider opening limited discovery in conjunction with claim construction briefing. If needed, the Court will hold a status conference to discuss the parties' joint status report. Consideration of all other motions remains **STAYED**.

       IT IS SO ORDERED.

                                         s/ Ryan T. Holte
                                         RYAN T. HOLTE
                                         Judge

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.