# In the United States Court of Federal Claims

No. 17-307
(Filed:  15 March 2023)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL HADDAD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant, | * |
| | * |
| and | * |
| | * |
| TRANS DIGITAL TECHNOLOGIES | * |
| LIMITED LIABILITY COMPANY, | * |
| | * |
| Third-Party Defendant, | * |
| | * |
| and | * |
| | * |
| IDEMIA IDENTITY & SECURITY USA | * |
| LLC, | * |
| | * |
| Third-Party Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

**HOLTE, Judge.**

On 6 March 2017, plaintiff Michael Haddad filed a complaint against the government alleging one count relating to "infringement of the '844 Patent" by the Transportation Security Administration ("TSA").  Compl. at 12, ECF No. 1 (cleaned up).  On 30 April 2019, defendants filed a motion for summary judgment of invalidity ("Mot. for Summ. J. on Invalidity"), ECF No. 63.  In their motion, defendants argued "Claim 1 of the '844 Patent does not disclose structure" and is, therefore, "invalid as indefinite."  *Id.* at 10.  Plaintiff responded on 20 May 2019, ECF No. 66, and defendants replied on 6 June 2019, ECF No. 74.  This case was reassigned to the undersigned Judge on 29 July 2019.  *See* Order, ECF No. 81.  On 25 October 2019, the Court stayed "consideration of all other motions until resolution of the government's motion for summary judgment under 28 U.S.C. § 2514."  25 Oct. 2019 Order at 1, ECF No. 92.  On 21

January 2021, the Court issued an Opinion and Order resolving one of three pending summary judgment motions (on the government's counterclaim) but stayed the other two summary judgment motions (on invalidity and non-infringement) pending claim construction.  Op. & Order at 1, 21, ECF No. 113.  On 20 January 2023, the Court issued a Claim Construction Opinion and Order finding "sole independent claim 1 indefinite and accordingly [held] the entire '844 Patent invalid."  Cl. Constr. Order & Opinion at 1, ECF No. 154.  The Court ordered plaintiff to show cause "as to why this case should not be dismissed."  *Id.*  On 23 February 2023, plaintiff filed a memorandum stating, "Mr. Haddad states, through counsel, that he has no objection to the Court's order of Docket No. 154."  Mot. for Three Day Extension of Time and Statement of Non-Objection at 1, ECF No. 155.  Defendants responded requesting the Court dismiss this case because "[p]laintiff's statement raised no objection to the Court's ruling, nor has [p]laintiff shown why this case should not be dismissed."  Defs.' Resp. to Plaintiff's Statement of Non-Objection at 2, ECF No. 156.

RCFC 56(f)(3) states, "After giving notice and a reasonable time to respond, the court may: . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  *See* Cl. Constr. Op. & Order at 1.  Although defendants' motion for summary judgment on invalidity was filed almost four years ago, the Court agrees with defendants' arguments regarding the indefiniteness of Claim 1, and, pursuant to RCFC 56(f)(3), considers defendants' motion for summary judgment on invalidity.  In the Court's Claim Construction Opinion and Order, the Court found the "sole independent claim 1 indefinite and accordingly found the entire '844 Patent invalid."  *Id.* at 1.  As other courts have concluded in similar assertions, "because claim 1, the sole independent claim . . . is invalid, and because the only . . . count of plaintiff's . . . [c]omplaint is based on the [invalid patent], judgment must be entered in favor of defendant in this action."  *Bushnell Hawthorne, LLC v. CISCO Sys., Inc.*, No. 1:18-CV-760, 2019 WL 2745735 (E.D. Va. July 1, 2019), *aff'd*, 813 F. App'x 522 (Fed. Cir. 2020) (entering judgment in favor of defendant after finding the patent invalid).  Further, plaintiff in responding to the Court's Claim Construction Opinion and Order did not argue the case should continue.[1]  Judgment, therefore, must be entered in favor of defendants in this action.  *Nautilus v. Biosig Instruments, Inc.*, 572 U.S. 898, 902 (2014) ("A lack of definiteness renders invalid 'the patent of any claim in the suit.'") (quoting 35 U.S.C. § 282(b)(2)).

Accordingly, the Court **GRANTS** defendants' motion for summary judgment on invalidity, ECF No. 63, and **FINDS AS MOOT** defendants' motion for summary judgment on non-infringement, ECF No. 88.  The Clerk of Court is **DIRECTED** to enter judgment for defendants and dismiss the case with prejudice.

**IT IS SO ORDERED.**

---

[1]  On 23 February 2023, plaintiff filed a "Motion for Three-Day Extension of Time; Statement of Non-Objection," ECF No. 155.  Plaintiff stated "he has no objection to the Court's order of Docket No. 154," the Court's Claim Construction Opinion and Order.  *Id.* at 1.  Plaintiff also asked for a three-day extension due to a discrepancy between the CM/ECF system and the Claim Construction Opinion and Order.  *Id.*  In the time between plaintiff's filing and this Order, plaintiff has not made any additional filings.  The Court, therefore, assumes plaintiff consents to the dismissal of the case.

- 3 -

<u>s/ Ryan T. Holte</u>
RYAN T. HOLTE
Judge